## JOHN W. SNAPP v. B. C. ORR'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 4—355.]

**Conveyance to Defraud Creditors.**

Where a father largely in debt conveys all of his estate to a son who lives with him, except such as is exempt from creditors and it is apparent that the sole object is to prevent the collection of the claims of the father's creditors, the conveyance will be set aside. A parol contract between the father and son by which the father agrees to pay the son in his estate for the work of years and never executed until the creditors are about to take it, is of itself proof of the fraudulent intent.

APPEAL FROM NICHOLAS CIRCUIT COURT.

October 28, 1882.

OPINION BY JUDGE PRYOR:

The testimony shows beyond controversy that the debts upon which the executions issued and the land sold, originated long prior to the execution of the two deeds by Sylvester Snapp to Wilson, and it is equally as well established that the father before and after their execution announced his purpose not to pay the debt, and his further intention to so dispose of his property as to prevent its being subjected to its payment. Whether John (the son) was present when these conversations took place is immaterial, we think, from the facts of this case. The purpose of the one may have been fraudulent and that of the other entirely innocent of any wrong, but such is not the case here. Neither of the conveyances were made by the father to his son until the father became involved and as a consideration to uphold these deeds as

against the creditors, the parties attempt to establish by each other the existence of a parol contract between them by which the father was to pay the son $13 per month for his work and take it out in land. His father had several children and lived on a small farm of 120 acres of but little value. The son continued to reside on the farm with him after he arrived at age and with his brothers worked the farm, all constituting one family. According to the proof, one of the small tracts of land was purchased by Sylvester Snapp long after this parol contract, and at a time when he was (if this contract was in fact made) largely indebted to his son for work and labor to be paid in land, and instead of having the land conveyed to the son he had it conveyed to himself. The alleged indebtedness to John for this work had, years before the deeds were made, amounted to a much larger sum than the value of the two tracts, yet no conveyances were made and no one knew of John's claim until his father became insolvent by reason of these debts, and then for the first time and after the lapse of many years this parol contract, said to have been made when John arrived at twenty-one years of age, is attempted to be made the basis for the consideration of the two deeds. They all lived together. The land was worked as it always had been, and the son suddenly becomes the owner of all the estate owned by the father except such as was exempt from execution. Such transactions, if allowed between members of the same family under such circumstances and upon such a consideration, would afford the greatest facilities for covering up the estate of embarrassed debtors at the expense of creditors. It is apparent from this entire record that the sole object in making the conveyances was to prevent the collection of these debts and parol contracts between members of the same family by which the father agrees to pay the son in his estate for the work and labor of years, and never executed until the creditors are about to take it, is of itself convincing as to the fraudulent intent. There is nothing in the act against champerty to prevent the creditors from levying on land fraudulently conveyed by the debtor, and in fact the possession here was always with the father, and if not the fraudulent deed passed no title, the son holding for the father. Besides the appellant comes into a court of equity asking relief and the chancellor finds no equity in his case and even if he had paid the mule colts or their value to the old man whether on the land or not the chancellor could afford no relief by reason of

the fraud in the land transaction, as against the creditors.

Judgment *affirmed*.

*John P. Norvell, Chas. Lytle, for appellant.*

